**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PARAGON OFFICE SERVICES, LLC,** | § | |
| **OFFICE SURGERY SUPPORT** | § | |
| **SERVICES, LLC, PARAGON** | § | |
| **AMBULATORY PHYSICIAN SERVICES,** | § | |
| **P.A., and AMBULATORY HEALTH** | § | |
| **SYSTEMS, LLC,** | § | |
| | § | Civil Action No. **3:11-CV-1898-L** |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **AETNA INC., AETNA HEALTH INC., and** | § | |
| **AETNA HEALTH MANAGEMENT LLC,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion for Leave to File Second Amended Complaint and Join

Additional Party, filed November 29, 2012; Defendants' Response in Opposition to Plaintiffs'

Motion for Leave to Join Additional Party, filed December 10, 2012; Plaintiffs' Reply in Support

of Motion for Leave to File Second Amended Complaint and Join Additional Party, filed December

21, 2012; and Defendants' Surreply to Plaintiffs' Motion for Leave to Join Additional Party, filed

January 30, 2013.[1] After careful consideration of the motion, response, reply, surreply, appendices,

and applicable law, the court **grants** Plaintiffs' Motion for Leave to File Second Amended

Complaint and Join Additional Party.

---

[1] Defendants sought leave of court to file a surreply, which the court granted on January 30, 2013.

**Memorandum Opinion and Order - Page 1**

I.      **Background**

Plaintiffs Paragon Office Services, LLC ("POS"), Office Surgery Support Services, LLC ("OSS"), and Ambulatory Health Systems, LLC ("AHS") (collectively, "Plaintiffs" or the "Paragon entities") filed a civil action against Defendants Aetna Inc. ("Aetna"); Aetna Health, Inc. ("Aetna Health"), and Aetna Health Management, LLC ("Aetna Health Management") (collectively, "Defendants" or the "Aetna entities") on June 28, 2011, in the 68th Judicial District Court for Dallas County, Texas.   Defendants removed the state court action to this court on the basis that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, completely preempted Plaintiffs' state law claims.   The court agreed that ERISA preempted at least some of Plaintiffs' state law claims and denied Plaintiffs' motion to remand on June 27, 2012.

Plaintiffs timely request leave to file their Second Amended Complaint, in order to assert ERISA causes of action to comport with the court's ruling denying remand[2] and to add an additional defendant, Aetna Life Insurance Company ("ALIC"), who, Plaintiffs contend, and Defendants concede, administered plans and denied claims which are the subject of this suit.   Pls.' Mot. 2; *see also* Defs.' Response 2-3.   Defendants are not opposed to the amendment of Plaintiffs' pleadings but are opposed to the joinder of ALIC as an additional defendant.

According to Defendants, joinder is inappropriate here because Plaintiffs have already asserted their claims against ALIC in a separate, but identical, action filed in a sister court in this district and those claims would therefore be duplicative here.[3]   Defs.' Response 1.   Defendants,

---

[2] Plaintiffs, however, also state in their motion that they also intend to request reconsideration of this court's order denying remand based upon recently-produced evidence.

[3] The lawsuit to which Defendants refer is *Aetna Life Insurance Company v. Neal L. Fisher, et al.*, 3:12-cv-00403-O ("the ALIC Litigation").   This action was filed by ALIC on February 7, 2012, against Dr. Neal Fisher; Paragon Anesthesia Associates, P.A.; Paragon Office Services, LLC; Ambulatory Health Systems, LLC; Office Surgery Support

however, state that they are not opposed to the consolidation of certain proceedings between this case and the ALIC litigation in the interest of efficiency. *Id.* at 5. Plaintiffs counter that any duplication of claims is not a part of Plaintiffs' "litigation strategy," as Defendants contend, but rather, is the fault of Defendants, who, according to Plaintiffs, engaged in "procedural gamesmanship" when it pursued a separate suit involving the same plaintiffs and two related ones, on the same issues and types of health care claims, rather than joining ALIC as a party in this action. Pls.' Reply 1-2.

## II.   **Legal Standards**

### A.   **Amendment of Pleadings**

Rule 15(a)(2) of the Federal Rules of Civil Procedure, provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) evinces a bias in favor of granting leave to amend, such leave is not automatic. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

---

Services, LLC; and Paragon Ambulatory Physician Services, P.A. Plaintiffs filed counterclaims against ALIC in this lawsuit on April 16, 2012.

**Memorandum Opinion and Order - Page 3**

### B.   Joinder

#### 1.   Required Joinder of Parties under Federal Rule of Civil Procedure 19

Federal Rule of Civil Procedure 19 requires joinder of a party in two situations if such joinder will not destroy the court's subject matter jurisdiction.  Fed. R. Civ. P. 19(a).  A person must be joined if complete relief cannot be accorded among the existing parties in the person's absence.  Fed. R. Civ. P. 19(a)(1)(A).  A person must also be joined if he claims an interest relating to the subject of the action and disposing of the action in his absence may "impair or impede the person's ability to protect that interest; or leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a)(1)(B).  "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder."  *Hood ex. rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (citation and internal quotation marks omitted).

#### 2.   Permissive Joinder of Parties under Federal Rule of Civil Procedure 20

Under Rule 20, the party seeking joinder must satisfy the "same transaction, occurrence, or series of transactions or occurrences" standard as well as show that a "question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A).  In other words, a plaintiff must show that the actions of the defendants to be joined are related to the actions of the original defendants.  If this standard cannot be met, the court will not permit the plaintiff to join additional defendants to the litigation.

### III.     Analysis

####     A.     Amendment of Pleadings

In light of the court's June 27, 2012 order holding that some of Plaintiffs' state law claims are preempted by ERISA and that Plaintiffs moved to amend within the time allowed under the court's scheduling order, the court determines that Plaintiffs should be allowed to amend their complaint to assert ERISA causes of action to comport with the court's ruling, to which Defendants are not opposed.  Accordingly, the court will grant Plaintiffs' motion with respect to the amendment of the pleadings to assert ERISA causes of action.

####     B.     Joinder of ALIC

The court now turns to Plaintiffs' request to join ALIC as an additional defendant.  The court notes that Plaintiffs did not initially identify whether they sought joinder pursuant to Rule 19 or Rule 20 of the Federal Rules of Civil Procedure; however, in their reply, they stated that they were requesting joinder pursuant to both rules.  Plaintiffs now argue that: (1) ALIC is necessary for a full adjudication of the issues in this action; (2) ALIC was intricately involved in at least a majority, if not all, of the transactions that are the subject of this suit; and (3) identical questions of law and fact will apply to ALIC and the existing Aetna Defendants.  Pls.' Reply 1.

Defendants counter that Aetna Health and ALIC are separate corporate entities that administer separate and different kinds of health plans for the medical claims that Plaintiffs submitted for reimbursement.  Defs.' Surreply 2.  Thus, Defendants contend, "ALIC is not a necessary (or even proper party) on the distinct medical claims for which [Aetna Health] provided administrative services, just as [Aetna Health]  is not a necessary (or proper) party on the claims submitted under non-HMO plans for which ALIC was the administrator." *Id.*  Therefore, Defendants

argue, any joinder, assuming that there was not a separate, pending proceeding, would be, at best permissive under Rule 20.  *Id.*  Defendants, however, argue that even joinder under Rule 20 would be inappropriate because the claims sought to be asserted here are the same claims pending in the ALIC Litigation.  *Id.*

The court first addresses whether joinder of ALIC is required under Rule 19.  Defendants concede that "Defendant Aetna Health Inc. is not the proper defendant on the claims submitted under non-HMO plans   that would be ALIC."  Defs.' Response 2-3.  Moreover, in support of their contention that Plaintiffs could have sought joinder of ALIC in this action earlier, Defendants submit the affidavit of M. Katherine Stranhan, counsel for Defendants, in which they further admit that ALIC is a proper party to this litigation.  According to the affidavit, on September 28, 2011, during the parties' joint Rule 26(f) conference, Ms. Stranhan advised counsel for Plaintiffs "that Aetna Inc. was not a proper party to this litigation because it had not provided claims administrative or insurance services to the claims at issue," "requested that Plaintiffs dismiss Aetna Inc. from the litigation," and "advised that Aetna Life Insurance Company had provided claims administrative services to a majority of the medical claims submitted by Plaintiffs and that Aetna Life Insurance Company would be the proper party to the litigation on those claims."  M. Katherine Strahan Aff. ¶ 3.  Therefore, it appears to the court that ALIC is a proper, and necessary party to this action, as both parties agree that ALIC provided claims administrative services to a *majority* of the medical claims submitted by Plaintiffs in this action.  Without joinder of ALIC, the court cannot accord complete relief among the parties, namely, Plaintiffs, as most of the claims at issue were administered by ALIC.  Moreover, joinder of ALIC as an additional defendant will not deprive this

**Memorandum Opinion and Order - Page 6**

court of subject matter jurisdiction, as the basis of jurisdiction in this court is federal question jurisdiction. *See* Fed. R. Civ. P. 19(a)(1)(A).

Further, joinder of ALIC as a defendant in this action is permitted by Rule 20. Both parties agree that most of the claims at issue were administered by ALIC; thus any right to relief asserted against ALIC would arise out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2).

Defendants assert that because "Plaintiffs chose to pursue their claims against ALIC in a separate lawsuit," Plaintiffs essentially "waived any right to join ALIC" in this action. Defs.' Response 3, 5. Defendants do not cite any legal authority in support of their contention that, because Plaintiffs asserted counterclaims against Defendants in the ALIC Litigation     a lawsuit which the Defendants initiated     Plaintiffs have somehow "waived" their right to join ALIC as a defendant in this action. Although the court questions Plaintiffs' litigation strategy in joining ALIC in this action to pursue the same claims it has already asserted against ALIC in an almost identical suit, it believes that any fault as to duplication of claims lies more Defendants than Plaintiffs. Among Defendants is Aetna, who according to Defendants, is the parent and holding company of the Aetna entities. Presumably Aetna, already being a defendant in the present action, had knowledge as early as September 2011 that it was not a proper defendant and that the proper party was ALIC. Nonetheless, Aetna did nothing to join or move to substitute ALIC as a proper party in this suit, while ALIC filed a separate suit in federal court involving substantially the same parties, issues, and health care claims. While Plaintiffs made the conscious decision to counterclaim against ALIC in the ALIC

Litigation and, thus, chose to pursue their claims against ALIC in that suit; the court emphasizes that the separate suit was of Defendants' own design.

Further, Defendants emphasize that Plaintiffs could have sought joinder of ALIC in this action sooner, and because they did not do so, allowing joinder now would be inappropriate. While the court questions Plaintiffs' delay in seeking to join ALIC at this point in time, Plaintiffs nonetheless sought joinder before the expiration of the deadline to request amendment of pleadings and joinder of parties. That Plaintiffs did not seek joinder of ALIC earlier is of no moment, as Plaintiffs's request was ultimately, timely.

In addition, Defendants argue that Plaintiffs' delayed joinder effort appears to be an inappropriate attempt to try to deprive ALIC of diversity jurisdiction over claims pending in the ALIC Litigation, and that, as such, even assuming joinder was otherwise appropriate, and Plaintiffs had not waived their right to join ALC, joinder here should still be denied for this additional reason. Defs.' Response 5.   It is not clear to the court why Defendants believe that joinder of ALIC in this action will deprive ALIC of diversity jurisdiction over claims pending in the ALIC Litigation. Defendants do not cite any legal authority and do not attempt to explain why ALIC would lose diversity jurisdiction in one lawsuit by being joined in a separate lawsuit based on federal question jurisdiction. Without anything more, the court finds this argument without merit.

Accordingly, the court will grant Plaintiffs' motion to join ALIC as a defendant in this action under Federal Rules of Civil Procedure 19 and 20.

**IV.     Conclusion**

For the reasons herein stated, the court **grants** Plaintiffs' Motion for Leave to File Second Amended Complaint and Join Additional Party.  Plaintiffs' Amended Complaint shall be filed within **three business days of this order**.

*The court suspects that both sides have engaged in gamesmanship, although it lacks sufficient proof at this time.  The court's docket is simply too busy to entertain gamesmanship.  If the court determines that either side is engaging in gamesmanship, the consequences will be severe.*

*It is frustrating to the court that ALIC is joined at this late stage when it appears ALIC should have been joined months ago.  A request to add new parties virtually always requires additional discovery to be taken, which necessarily prolongs the resolution of the case.  As expected, Plaintiffs recently filed a motion to modify the scheduling order, which is pending.  The court recognizes that at times extensions are warranted; however, good cause must exist and a party must show diligence on its part in obtaining discovery.  Defendants are opposed to the relief sought in the motion.  The court will promptly schedule a conference with the parties once Defendants have filed their response to Plaintiffs' motion .*

**It is so ordered** this 2nd day of May, 2013.

Sam A. Lindsay
United States District Judge