## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **PARAGON OFFICE SERVICES, LLC**, | § | |
| **OFFICE SURGERY SUPPORT** | § | |
| **SERVICES, LLC, PARAGON** | § | |
| **AMBULATORY PHYSICIAN SERVICES,** | § | |
| **P.A., and AMBULATORY HEALTH** | § | |
| **SYSTEMS, LLC**, | § | |
| | § | Civil Action No. **3:11-CV-1898-L** |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **AETNA INC., AETNA HEALTH INC.,** | § | |
| **AETNA HEALTH MANAGEMENT LLC,** | § | |
| **and AETNA LIFE INSURANCE** | § | |
| **COMPANY**, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiffs' Motion for Partial Summary Judgment (Doc. 161), filed July 9, 2014. After careful consideration of the motion, response, reply, appendices, evidence, record, and applicable law, the court **denies** Plaintiffs' Motion for Partial Summary Judgment

## I.    Factual Background and Procedural History

The court has addressed this lawsuit extensively in prior opinions and, accordingly, assumes the parties' familiarity with the relevant facts and procedural history.[1] The court incorporates by reference these prior opinions as if herein fully set forth.  In brief, Plaintiffs Paragon Office Services, LLC ("POS"); Office Surgery Support Services, LLC ("OSS"); Paragon Ambulatory Physician

---

[1] *See* March 30, 2015 Memorandum Opinion and Order (Doc 235) (granting in part and denying in part Defendants' Motion for Summary Judgment); June 27, 2012 Memorandum Opinion and Order (Doc. 45) (denying Plaintiff's Motion to Remand).

Services, P.A. ("PAPS"); and Ambulatory Health Systems, LLC ("AHS") (sometimes collectively, "Plaintiffs" or the "Paragon Entities") filed a civil action against Defendants Aetna Inc.; Aetna Health, Inc. ("AHI"); Aetna Health Management, LLC ("AHM"); and Aetna Life Insurance Company ("ALIC") (sometimes collectively, "Defendants" or the "Aetna Entities") on June 28, 2011, in the 68th Judicial District Court for Dallas County, Texas.  Defendants removed the state court action to this court on the basis that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, completely preempts Plaintiffs' state law claims.  The court agreed that ERISA preempted at least some of Plaintiffs' state law claims and denied Plaintiffs' motion to remand on June 27, 2012.  *See* Mem. Op. & Ord. (Doc. 45).

Plaintiffs include the providers of anesthesia services to obstetricians and gynecologists who perform in-office surgeries. These services include two components: the professional service rendered by the anesthesiologist and the technical equipment used by the anesthesiologist to perform the service. This lawsuit arises from the Aetna Entities' alleged refusal to pay for equipment used in providing the anesthesia services.  Plaintiffs allege that Defendants have inconsistently covered equipment services costs, and allege that if such services were performed in a hospital or facility, all services rendered, including equipment, would be paid in full.  In their Second Amended Complaint, Plaintiffs assert claims for (1) ERISA violations under § 1132(a)(1)(B); (2) ERISA violations under § 1132(a)(3); (3) breach of implied contracts; (4) Texas Insurance Code violations; (5) fraud; (6) quantum meruit; (7) unjust enrichment; (8) tortious interference with business relationships; and (9) estoppel and quasi-estoppel, and also seek attorney's fees.[2] *See* Pls.' Sec. Am. Compl. (Doc. 71).   Following the court's ruling on Defendants' motion for summary judgment,

---

[2] Plaintiffs' theft of services claim has been voluntarily dismissed with prejudice by stipulation. *See* Stipulation Dismissing Certain of Plaintiffs' Claims with Prejudice (Doc. 191).

**Memorandum Opinion and Order - Page 2**

Plaintiffs' claims have all been dismissed with the exception of Plaintiffs' claims for ERISA violations under § 1132(a)(1)(B) with respect to the drugs and supplies; Texas Insurance Code violations as to the drugs and supplies; and estoppel. *See* Mem. Op. and Order 57-58 (Doc. 235).[3] Following this ruling, Plaintiffs' sole remaining claims are for alleged ERISA violations under § 1132(a)(1)(B) with respect to the claims for drugs and supplies; Texas Insurance Code violations as to the drugs and supplies; and estoppel.

Defendant AHI has filed a counterclaim against the Paragon Entities, and a third-party complaint against Dr. Neal Fisher ("Dr. Fisher") and Paragon Anesthesia Associates, P.A. *See* Defs.' First Am. Ans. and Aetna Health, Inc.'s First Amended Counterclaim and First Amended Third Party Complaint (Doc. 56) ("Am. Countercl."). AHI alleges fraud based on the Paragon Entities' alleged improper and duplicative billing practices with regard to submitting claims for professional services and equipment (*id.* ¶¶ 32-35), and seeks reimbursement for overpayments made as a result of those practices to POS, AHS, and PAPS or, alternatively, an offset. *Id.* ¶¶ 14-31. Finally, AHI alleges that the corporate veil should be pierced between and among Dr. Fisher and the Paragon Entities or, alternatively, that Dr. Fisher and the Paragon Entities are alter egos of each other. *Id.* ¶¶ 36-40.

On July 9, 2014, Plaintiffs filed a Motion for Partial Summary Judgment. Plaintiffs argue they are entitled to summary judgment on AHI's fraud counterclaim, and on AHI's attempt to pierce its corporate veil or assert alter ego liability. Paragon also moves for summary judgment on its affirmative fraud claim. The motion has been fully briefed and is ripe for determination. The court first sets forth the applicable legal standard.

---

[3] Defendants Aetna Inc. and AHM were dismissed from this lawsuit by the court, which concluded they were not proper parties. *See* Mem. Op. and Order 58 (Doc. 235)

**Memorandum Opinion and Order - Page 3**

## II.    Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita*, 475 U.S. at 587.  (citation omitted).  Mere conclusory allegations are not competent summary judgment

**Memorandum Opinion and Order - Page 4**

evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Analysis

Plaintiffs move for summary judgment on AHI's fraud counterclaim and also on AHI's attempt to pierce its corporate veil or consider Dr. Fisher and the Paragon Entities as mere alter egos. Plaintiffs also move for summary judgment on their affirmative fraud claim. The court first turns to Plaintiffs' motion for summary judgment on AHI's fraud counterclaims.[4]

---

[4] To the extent Plaintiffs challenge AHI's standing to assert claims on ALIC's behalf, the court rejects this challenge. AHI makes clear it is not attempting to assert claims on behalf of ALIC. *See* Defs.' Opp'n Br. at 2 (Doc. 187).

**Memorandum Opinion and Order - Page 5**

### A.    AHI's Fraud Counterclaim

AHI alleges fraud based on the Paragon Entities' alleged improper and duplicative billing

practices with regard to submitting claims for professional services and equipment.  Am. Countercl.

¶¶ 32-35. The gravamen of AHI's fraud allegation is that the Paragon Entities intentionally

submitted claims for reimbursement using the wrong billing codes, and that they further engaged

in a scheme to submit fraudulent claims through the use of multiple entities with different Tax

Identification Numbers ("TIN"s).

Plaintiffs move for summary judgment on the fraud counterclaim.

Under Texas law, the elements of fraud are:

(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Aquaplex Inc. v. Rancho La Valencia, Inc.*, 297 S.W. 3d 768, 774 (Tex. 2009).

Plaintiffs argue they are entitled to summary judgment on AHI's fraud counterclaim because

they can "conclusively negate one or more essential elements of that claim."  Pls.' Summ. J. Br. 1.

In support, Plaintiffs argue:

The record establishes that Paragon fully informed [AHI] of the exact nature of its services and did, in fact, provide the services it described.  Because it provided exactly what it said it would, Paragon could not have made any false statements—and [AHI] could not have justifiably relied upon any allegedly false statements.  Aetna also cannot establish fraud damages because it has not, and cannot, produce evidence supporting a permissible measure of damage under Texas law.

*Id.* at 1-2.

Viewing all evidence in the light most favorable to AHI, the court determines that AHI has produced competent summary judgment evidence sufficient to create a genuine dispute of material fact as to whether Paragon knowingly made false representations and whether AHI justifiably relied on the misrepresentations in processing and paying claims. *See, e.g.,* Def.'s App. 72-73, 76-77, 201-03; 222, 226-67. With regard to Plaintiffs' argument that AHI cannot establish fraud damages because it has not, and cannot, produce evidence supporting a permissible measure of damage under Texas law, the court concludes that AHI has complied with Federal Rule of Civil Procedure 26(a)(1) in its computation of damages, and Plaintiffs can raise this argument at trial.

In sum, because AHI has submitted competent summary judgment evidence sufficient to raise a genuine dispute of material fact as to the elements of its fraud claim, Plaintiffs' motion for summary judgment on this claim will be denied.

### B.    Piercing the Corporate Veil/Alter Ego

Plaintiffs move for summary judgment on AHI's counterclaim alleging the court should pierce the corporate veil between and among Dr. Fisher and the Paragon Entities or, alternatively, treat Dr. Fisher and the Paragon Entities as alter egos of each other.  AHI alleges in its counterclaim that Dr. Fisher "created and used limited liability companies and professional associations— including but not limited to PAA, POS, AHS, PAPS, and/or OSS—in order to perpetrate a fraud by submitting duplicate and improper claims for reimbursement." Am. Countercl. ¶ 37.  AHI further alleges that this scheme was carried out "while avoiding or delaying discovery of the improper billing by using 'new' entity and TIN for claims submissions, even though the new entity was allegedly providing the same services as the previous Paragon Entity whose claims had been denied." *Id.*  In the alternative, AHI alleges that Dr. Fisher and the Paragon Entities are the alter

egos of each other.  *Id.* ¶ 38.

In support of summary judgment, Plaintiffs argue that because AHI cannot establish its fraud claim, Plaintiffs are also entitled to summary judgment on AHI's veil-piercing argument.  *See* Pls.' Summ. J. Br. 27-28.  Plaintiffs also argue they are entitled to summary judgment on AHI's alter ego allegations because "there is zero evidence to establish the criteria necessary for the equitable theory of alter ego."  *Id.* at 28.  According to Plaintiffs, "Other than common ownership, there is no evidence of this equitable theory."  *Id.* at 27.

The Fifth Circuit recently summarized Texas law on piercing the corporate veil of a corporation or limited liability company, as well as alter-ego principles, stating:

> Due to the limited liability that corporations and LLCs offer to their owners, a plaintiff seeking to impose individual liability on an owner must "pierce the corporate veil."   Under Texas law, "an assertion of veil piercing or corporate disregard does not create a substantive cause of action [;] . . . such theories are purely remedial and serve to expand the scope of potential sources of relief by extending to individual shareholders of other business entities what is otherwise only a corporate liability.  Veil piercing and "alter-ego" principles apply equally to corporations and LLCs.

*Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 443 (5th Cir. 2013) (internal citations omitted).  Separate corporate structures may be ignored when "the corporate form has been used as part of a basically unfair device to achieve an inequitable result."  *Id.*

Viewing all evidence in the light most favorable to AHI, the court determines that AHI has produced competent summary judgment evidence sufficient to create a genuine dispute of material fact as to whether Dr. Fisher established the Paragon Entities for the purpose of deceiving AHI through the use of changing TINs and varied billing schemes and whether Dr. Fisher blurred the lines between himself and the Paragon Entities such that these entities where nothing more than the alter ego of Dr . Fisher and one another.  *See, e.g.*, Def.'s App. 82, 235-36, 247-49, 257-58.  Because

AHI has raised a genuine dispute of material fact as to whether the court should pierce the corporate veil and/or apply alter ego principles, Plaintiffs' motion for summary judgment on these allegations will be denied.

### C.      Plaintiffs' Affirmative Fraud Claim

Plaintiffs move for summary judgment on their affirmative claim for fraud.  On March 31, 2015, the court granted summary judgment in Defendants' favor on Plaintiffs' fraud claim, and dismissed the fraud claim with prejudice.  *See* Mem. Op. and Ord. at 58 (Doc. 235).  Accordingly, the court denies as moot Plaintiffs' motion for summary judgment on their affirmative claim of fraud.  Further, granting the motion would be inconsistent with the ruling previously made regarding Defendants' motion.

## IV.      Conclusion

For the reasons herein stated, the court **denies** Plaintiffs' Motion for Partial Summary Judgment (Doc. 161).  Specifically, as to that portion of Plaintiffs' motion seeking summary judgment on AHI's counterclaim for fraud and related allegations that the corporate veil should be pierced or, alternatively, that Dr. Fisher and the Paragon Entities are alter egos of each other, the court **denies** Plaintiffs' motion.  As to that portion of Plaintiffs' motion seeking summary judgment on their affirmative fraud claim, the court **denies** the motion **as moot** in light of the court's previous decision granting Defendants' motion for summary judgment and dismissing Plaintiffs' fraud claim.

In light of the court's March 30, 2015 decision granting in part and denying in part Defendants' Motion for Summary Judgment, and the court's decision today denying Plaintiffs' Motion for Partial Summary Judgment, the following claims remain for trial: Plaintiffs' claim for alleged ERISA violations under § 1132(a)(1)(B) with respect to drugs and supplies; Plaintiffs' claim

for alleged violations of the Texas Insurance Code as to the drugs and supplies; Plaintiffs' estoppel claim; AHI's counterclaims for fraud and overpayment, and AHI's related allegation that the corporate veil should be pierced between and among Dr. Fisher and the Paragon Entities or, alternatively, that Dr. Fisher and the Paragon Entities are alter egos of each other.

With this and prior rulings, the claims and issues have been significantly narrowed. This is an excellent time for the parties to revisit settlement discussions. Moreover, the court granted an extension in this case in May 2013, based on the parties' representations that they needed more time to explore settlement. *See* Doc. 74 (Agreed Mot. for Continuance); Doc. 77 (Third Am. Sch. Ord.). Accordingly, the parties are to meet and seriously discuss the prospects for settlement and report to the court by **Friday**, **August 21, 2015**, whether this action can be resolved without the necessity of a trial. All remaining pretrial deadlines, as well as the trial date, will be set forth in a separate order, once the parties have advised the court of settlement prospects.

**It is so ordered** this 30th day of July, 2015.

Sam A. Lindsay
United States District Judge